IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RUBEN MORALES,** | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 20-CV-0439** |
| | : | |
| **JOHN C. WETZEL,** *et al.*, | : | |
|     Defendants. | : | |

**MEMORANDUM**

**RUFE, J.**                                                                                                              **February 12, 2021**

Plaintiff Ruben Morales, a former prisoner, brings this *pro se* civil action pursuant to 42 U.S.C. § 1983, based on allegations that his constitutional rights were violated in connection with the loss of his personal and legal property during the transition from SCI Graterford to SCI Phoenix. For the following reasons, the Court will dismiss Morales's Complaint for failure to state a claim.

**I.      FACTUAL ALLEGATIONS**

Morales was previously incarcerated within the Pennsylvania Department of Corrections ("DOC"). His claims stem from the DOC's movement of prisoners from SCI Graterford to the newly constructed SCI Phoenix in July of 2018. Morales alleges that his property was not inventoried in accordance with DOC policy, and that it was lost or stolen in the move. (ECF No. 1 at 5.) Morales's unspecified "legal documents" were among the lost property. (*Id.*)

Morales brings Fourth Amendment and First Amendment claims pursuant to § 1983 based on the loss or theft of his property. (*Id.* at 3.) He alleges the loss of his legal materials interfered with his ability to file an appeal in his criminal case, *see Commonwealth v. Morales*, CP-46-CR-0006582-2014 (C.P. Montgomery), "on the grounds of search warrant executed,

1

newly discovered evidence/witness." (ECF No. 1 at 4.) Morales also alleges that he cannot pursue a post-conviction petition without "discovery" and "accurate statements." (*Id.* at 4-5.)

Morales named the following Defendants in their official and individual capacities: (1) John C. Wetzel, Secretary of Corrections; (2) Tammy Ferguson, the Superintendent of SCI Phoenix; and (3) a John Doe officer and Jane Doe officer identified as members of a Correctional Emergency Response Team ("CERT") responsible for movement of the prisoners. He adds that Superintendent Ferguson suspended the grievance system, which prevented him from resolving his claim through that process. (*Id.* at 7-8.) Morales seeks $250,000 in damages. (*Id.* at 5.)

## II. STANDARD OF REVIEW

As Morales is proceeding *in forma pauperis*, (*see* ECF No. 9), 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Morales is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was

committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). For the following reasons, Morales's Complaint fails to state a claim.

    A.   **Official Capacity Claims**

The Complaint reflects that Morales is suing the Defendants, all of whom are employees of the Pennsylvania Department of Corrections, in their official and individual capacities. The Eleventh Amendment bars suits against a state and its agencies in federal court that seek monetary damages. *See Pennhurst State Sch. And Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984); *A.W. v. Jersey City Public Schs.*, 341 F.3d 234, 238 (3d Cir. 2003). Suits against state officials acting in their official capacities are really suits against the employing government agency, and as such, are also barred by the Eleventh Amendment. *A.W.*, 341 F.3d at 238; *see also Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989). As the Commonwealth has not waived its Eleventh Amendment immunity for lawsuits filed in federal court, *see* 42 Pa. Cons. Stat. § 8521-22, its officials sued in their official capacities are immune from suits filed in federal court. Accordingly, the Court will dismiss Morales's claims against the Defendants in their official capacities.

    B.  **Individual Capacity Claims**

        1.  **Claims Against Wetzel**

Other than naming Wetzel as a Defendant, the Complaint does not set forth any allegations against him. "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *see also Iqbal*, 556 U.S. at 676 (explaining that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"). There are "two general ways

3

in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 575 U.S. 822 (2015).  First, a supervisor may be liable if he or she "'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *Id.* (quoting *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original)). "Second, a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." *Id.*  As Morales has not alleged any basis for Wetzel's involvement in the claimed constitutional violations, he has not stated a claim against Wetzel.  In any event, Morales has not set forth a plausible basis for a constitutional violation for the reasons discussed below.

### 2. Shutting Down the Grievance System

Morales's allegation that Superintendent Ferguson shut down the grievance system — the only allegation against her — does not state a claim.  "Prison inmates do not have a constitutionally protected right to a grievance process." *Jackson v. Gordon*, 145 F. App'x 774, 777 (3d Cir. 2005) (per curiam); *see also Caldwell v. Beard*, 324 F. App'x 186, 189 (3d Cir. 2009) (per curiam).  Accordingly, Morales's inability to resolve his claim through the prison grievance process did not violate his constitutional rights.

### 3. Fourth Amendment Claims

The Court understands Morales to be raising Fourth Amendment claims based on the seizure of his property.  However, he has not stated a plausible claim under the Fourth Amendment because "prisoners have no legitimate expectation of privacy . . . and the Fourth

Amendment's prohibition on unreasonable searches [and seizures] does not apply in prison cells." *Hudson v. Palmer*, 468 U.S. 517, 530 (1984); *see Doe v. Delie*, 257 F.3d 309, 316 (3d Cir. 2001) ("The defendants correctly assert that prisoners do not have a Fourth Amendment right to privacy in their cells." (citing *Hudson*, 568 U.S. at 529)); *see also Parrish v. Corrections Emergency Response Team*, Civ. A. No. 18-4871, 2019 WL 1596337, at *3 (E.D. Pa. Apr. 12, 2019) (concluding prisoner plaintiff failed to state claim for a violation of the Fourth Amendment where plaintiff alleged that CERT members destroyed and defaced personal property during the process of transferring plaintiff from SCI Graterford to SCI Phoenix). Accordingly, the Court will dismiss Morales's Fourth Amendment claim.

### 4. Denial of Access to the Courts

Morales also claims he was denied access to the court. "Under the First and Fourteenth Amendments, prisoners retain a right of access to the courts." *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008). "Where prisoners assert that defendants' actions have inhibited their opportunity to present a past legal claim, they must show (1) that they suffered an 'actual injury'—that they lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim; and (2) that they have no other 'remedy that may be awarded as recompense' for the lost claim other than in the present denial of access suit." *Id.* (quoting *Christopher v. Harbury*, 536 U.S. 403, 415 (2002)). "[T]he underlying cause of action, . . . is an element that must be described in the complaint." *Christopher*, 536 U.S. at 415. Furthermore, the right to access the courts may be satisfied if the plaintiff has an attorney. *Diaz*, 532 F. App'x 61, 63 (3d Cir. 2013) (per curiam) (citing *Bounds v. Smith*, 430 U.S. 817, 831 (1977) and *Peterkin v. Jeffes*, 855 F.2d 1021, 1042 (3d Cir. 1988)); *see also Prater v. City of Phila.*, 542 F. App' x 135, 137 n.4 (3d Cir. 2013) (per curiam).

Morales asserts that the loss of his legal materials interfered with his ability to file an appeal in his criminal case "on the grounds of search warrant executed, newly discovered evidence/witness," and also affected his ability to pursue post-conviction relief. (ECF No. 1 at 4.) However, the docket for Morales's criminal case reflects that in June of 2018, a month before Morales was moved to SCI Phoenix, counsel for Morales filed an appeal on his behalf, which ultimately yielded relief in the form of resentencing. *See Commonwealth v. Morales*, 1805 EDA 2018 (Pa. Super Ct.); *Commonwealth v. Morales*, CP-46-CR-0006582-2014 (C.P. Montgomery). Counsel again appealed on Morales's behalf after he was resentenced on August 20, 2019, and the Pennsylvania Superior Court affirmed the denial of Morales's motion to suppress and affirmed his convictions. *See Commonwealth v. Morales*, 240 A.3d 174 (Pa. Super. Ct. 2020). Counsel moved for reargument, which was denied, and filed a petition for allowance of appeal to the Pennsylvania Supreme Court, which is currently pending. *See Commonwealth v. Morales*, 632 MAL 2020 (Pa.); *Commonwealth v. Morales*, 2631 EDA 2019 (Pa. Super. Ct.).

The public record therefore reflects that Morales was able to pursue two appeals through counsel. His first appeal, which was pending at the time he was moved to SCI Phoenix, yielded relief in the form of resentencing, and he was able to challenge the search warrants that bore evidence against him, as well as the evidence supporting his convictions, in his subsequent appeal. So, it is not plausible to conclude that Morales lost any ability to appeal due to the loss of his legal materials. Additionally, Morales can file a post-conviction petition once his appeal concludes in the Pennsylvania Supreme Court, should that appeal not resolve in his favor, and it seems likely that he could obtain any lost materials from counsel or the courts, especially since he is no longer incarcerated. In sum, it is not plausible to conclude that Morales lost any opportunity to pursue his claims because of the loss of his legal property in July of 2018.

In any event, Morales has not described his allegedly lost claims with sufficient specificity such that the Court could plausibly conclude that those claims are nonfrivolous or arguable. *See Presbury v. Wetzel*, 789 F. App'x 294, 295 (3d Cir. 2020) (per curiam) (affirming the dismissal of access to courts claim based on the CERT team's loss of plaintiff's legal property where plaintiff "did not allege any facts about the merits of his underlying claim" and did not "demonstrate that the loss of his legal materials, while unfortunate and inconvenient, has rendered him unable to seek the District Attorney's review"); *Bowens v. Matthews*, No. 18-3032, 2019 WL 1461537, at *2 (3d Cir. Apr. 2, 2019) ("To the extent that Bowens described his PCRA claim at all, he did not describe it well enough to show that it is 'nonfrivolous' or 'arguable.'"); *Monroe*, 536 F.3d at 206 (plaintiffs' allegations that "defendants confiscated their legal materials" and that "they lost the opportunity to pursue attacks of their convictions and civil rights claims" without "specify[ing] facts demonstrating that the claims were nonfrivolous" did not state a claim). That is another reason his claim fails.

### 5. Other Claims

The Court cannot discern any other basis for a claim from Morales's Complaint. He generally alludes to freedom of expression but no factual allegations or reasonable inferences tie that allegation to the loss of his property. (ECF No. 1 at 3.) To the extent Morales is asserting a due process violation based on the loss of his property, there is no basis for a due process claim here. "[T]he Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property." *Daniels v. Williams*, 474 U.S. 327, 328 (1986).

Furthermore, "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the

Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). The Pennsylvania Tort Claims Act provides a sufficient remedy for intentional deprivations of property by state employees. *See Spencer v. Bush*, 543 F. App'x 209, 213 (3d Cir. 2013) (explaining that prison's grievance program constituted sufficient post deprivation remedy for loss of boxes of legal material); *Shakur v. Coelho*, 421 F. App'x 132, 135 (3d Cir. 2011) (per curiam) (explaining that the Pennsylvania Tort Claims Act provides an adequate remedy for a willful deprivation of property by state officials). Therefore, under the most liberal reading, the Court cannot discern a plausible basis for a federal or constitutional claim based on the loss or theft of Morales's property.

Morales has not asserted any claims under state law. The dismissal of Morales's Complaint is without prejudice as to any claim that Morales may bring in state court for the willful deprivation of property by state officials.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Morales's Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Amendment would be futile because the Court concludes that Morales cannot cure the defects in his claims. An appropriate Order follows.